Reed, J.,
delivered the opinion of the court.
Appellee, plaintiff below, brought suit before a justice of the peace; what the judgment was is not shown by the record. An appeal was taken to the county court, where a trial was had by the court, resulting in a judgment for the plaintiff for $50.00, from which this appeal is prosecuted.
Appellant and one Gustave Fleckles formed a partnership to open and operate in Denver a place of public amusement, *535 a part of the scheme being to furnish musical entertainments^ To obtain the necessary talent, negotiations were entered upon with appellee somewhere in the east, resulting in his agreeing to get together and employing, in the language of one of the firm in giving evidence, “Eight good ladies,” and bringing them to Denver at the expense of the firm. Necessary money for the expenses and .transportation was furnished by the firm, appellee was to be manager in chai-ge, employ them himself, furnish the entire troupe, including his wife and himself, at $160 or $165 per week. After arrival of the troupe a contract was made whereby appellee was to be employed six months at $15.00 per week, his wife was to receive •$25.00 per week, and the other females prices graduated from $20.00 down, but it appears that the employment of the females was to be by the week. About this time the firm was dissolved, Fleekles going out, leaving appellant sole proprietor. At' the end of the first week’s exhibitions the company was paid in full by appellant. On the Monday following, for some unexplained reason, appellant concluded to discontinue that branch of the business, and he discharged the female troupe and notified appellee that his services would no longer be required; no dissatisfaction at his services was expressed nor valid reason for his discharge. The suit was brought for damages for failure to perform the contract.
The testimony of the parties was somewhat contradictory, but there was no serious discrepancy in regard to the main facts. Several supposed errors are assigned which we have examined; none sufficiently serious to warrant interference by this court occurred.
It is clear from all the evidence that appellee was emplojmd for six months at $15.00 per week, and his wife was to have been employed from week to week for some indefinite period at $25.00 per week. At the end of the first week the business was discontinued without fault of appellee, and he found both himself and wife among strangers and out of employment. The amount found as damages ($50.00) for the breach of the contract of employment for six months does not seem *536 excessive, and of his right to recover damages for the breach, where no legal or valid reason for his discharge was given, there can be no question.
The judgment will be affirmed.

Affirmed.